IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DARRELL NEWTON, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 5:20-cv-542

**CALIBER HOLDINGS CORPORATION**                              **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiff Darrell Newton ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Caliber Holdings Corporation, he does hereby state and allege as follows:

## I.     INTRODUCTION

1.      Plaintiff, individually and on behalf of all other similarly situated employees of Defendant, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiff and all others similarly situated an overtime premium as required by the FLSA.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Defendant conducts business in this District and a substantial part of the events alleged herein occurred in this District.

5.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6.      On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.     THE PARTIES

7.      Plaintiff is a citizen and resident of Bexar County.

8.      Caliber Holdings Corporation is a for-profit, domestic corporation.

9.      Defendant's registered agent for service is C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10.     Defendant also does business as Caliber Collision Centers and Caliber Auto Glass.

11.     Defendant has a website located at https://calibercollision.com/.

## IV.     FACTUAL ALLEGATIONS

12.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.     Defendant operates a collision repair company with locations across the United States including numerous locations in Texas.

14.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as equipment, tools and automobiles.

16.     Defendant was Plaintiff's employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

17.     Plaintiff was employed by Defendant at Defendant's collision repair company during the time period relevant to this lawsuit.

18.     Plaintiff worked for Defendant during the three years preceding the filing of this Complaint.

19.     At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

20.     Plaintiff was employed by Defendant as a technician from May of 2017 until August of 2019 and again from November of 2019 until April of 2020.

21.     Plaintiff and other technicians worked as hourly, non-exempt employees at Caliber Holdings.

22.     Defendant paid Plaintiff and other technicians an hourly rate for the estimated labor hours required for each job.

23.     Defendant did not pay Plaintiff and other technicians based on their actual hours worked.

24.     Plaintiff and other technicians regularly worked in excess of forty (40) hours per week.

25.     Defendant paid Plaintiff and other technicians their regular hourly rate for all estimated labor hours, including hours worked in excess of forty (40) per week.

26.     Defendant did not pay Plaintiff and other technicians an overtime premium of one and one half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

27.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other technicians violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

28.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

29.     At all relevant times, Plaintiff and all other similarly situated technicians have been entitled to the rights, protections and benefits provided by the FLSA.

30.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

31.     Plaintiff brings his FLSA claim on behalf of all hourly-paid technicians who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      An overtime premium for all hours worked in excess forty (40) in a week;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

32.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file his written Consent to Join this lawsuit.

33.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

34.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified as non-exempt from the overtime requirements of the FSLA and paid an hourly rate;

B.      They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked in excess of forty (40) per week;

C.      They had the same or substantially similar job duties; and

D.      They recorded their time the same way.

35.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds twenty (20) persons.

36.     Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone

numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

37.     At all relevant times, Defendant directly hired members of the FLSA Collective to work as technicians, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

38.     At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.     FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

39.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

40.     This is a collective action filed on behalf of all hourly-paid technicians employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime wages because they were not paid a rate of one and one half (1.5) times their regular rate for hours worked in excess of forty (40) per week.

41.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

42.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

43.     At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

44.     At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

45.     At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

46.     Defendant failed to pay Plaintiff and all similarly situated employees an overtime premium for hours worked in excess of forty (40) per week.

47.     Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly technicians who worked more than forty hours in any week within the past three years.**

48.     At all relevant times, Defendant willfully failed and refused to pay Plaintiff and all other similarly situated employees a proper overtime premium under the FLSA because Defendant paid Plaintiff and other similarly situated employees their regular hourly rate for all hours worked over forty (40) in a week.

49.     Defendant's violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of overtime wages owed.

50.     Defendant's violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

51.     Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII.     SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

52.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

54.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

55.     At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

56.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

57.     Defendant failed to pay Plaintiff an overtime premium as required under the FLSA.

58.     At all relevant times, Defendant willfully failed and refused to pay Plaintiff a proper overtime premium under the FLSA because Defendant paid Plaintiff his regular hourly rate for all hours worked over forty (40) in a week.

59.     Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of overtime wages owed.

60.     Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

61.     Plaintiff is entitled to an award of his attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Darrell Newton, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A.     That Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid back wages at the proper overtime rate owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

G.     An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action;

and

    H.      Such other and further relief as this Court may deem necessary, just and

proper.

                                              Respectfully submitted,

                                              **DARRELL NEWTON, Individually
                                              and on Behalf of All Others
                                              Similarly Situated, PLAINTIFF**

                                              SANFORD LAW FIRM, PLLC
                                              One Financial Center
                                              650 South Shackleford, Suite 411
                                              Little Rock, Arkansas 72211
                                              Telephone: (501) 221-0088
                                              Facsimile: (888) 787-2040

                                              */s/ Merideth Q. McEntire*
                                              Merideth Q. McEntire
                                              Tex. Bar No. 24105123
                                              merideth@sanfordlawfirm.com

                                              */s/ Josh Sanford*
                                              Josh Sanford
                                              Tex. Bar No. 24077858
                                              josh@sanfordlawfirm.com